# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LORA A. MAYS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-cv-9047-CM-TJJ |
| | ) |
| KANSAS CITY, KANSAS | ) |
| POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION ON MOTION TO
## PROCEED WITHOUT PREPAYMENT OF FEES

This matter is before the Court on Plaintiff Lora A. Mays' Motion to Proceed Without Prepayment of Fees (ECF No. 3). Plaintiff also submitted an affidavit of financial status in support of her motion. The Court has considered the motion and affidavit and recommends that Plaintiff's motion be denied.

28 U.S.C. § 1915(a) sets forth the circumstances under which an individual is allowed to bring proceedings *in forma pauperis*. That statute provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses showing that the person is unable to pay such fees or give security therefor."[1] The statute is intended to benefit those who are too poor to pay or give security for the costs of litigation.[2] Proceeding *in forma pauperis* in a civil case "is a

---

[1] 28 U.S.C. § 1915(a)(1). The statute applies to all persons applying for *in forma pauperis* status, and not just prisoners. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citations omitted).

[2] *Zeller v. Astrue*, No. 08-4138-JAR, 2009 WL 902368, at *1 (D. Kan. Mar. 31, 2009) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

privilege, not a right—fundamental or otherwise."[3] The decision to grant or deny *in forma pauperis* status under Section 1915 lies within the sound discretion of the trial court.[4] This is especially true in civil cases for damages wherein the courts should grant the privilege "sparingly."[5] In ruling on such applications, however, a court must not act arbitrarily or deny the application on erroneous grounds.[6] In construing the application and supporting financial affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.[7]

Plaintiff's affidavit of financial status indicates that she is 43 years old, employed, and has no dependents. Plaintiff's monthly income appears to exceed her monthly expenses by more than $500. Plaintiff appears to have had a job for 14 years and she receives other monthly benefits as well. In addition, she reports significant assets in the form of real estate and a motor vehicle.

---

[3] *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation omitted).

[4] *Lister,* 408 F.3d at 1312.

[5] *Phillips v. Humble*, No. 07-2452-JAR, 2008 WL 834161, at *1 (D. Kan. Mar. 24, 2008); *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1156 (D. Kan. 2001) (citation omitted).

[6] *Lister*, 408 F.3d at 1313.

[7] *See, e.g., Alexander v. Wichita Housing Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (adopting report and recommendation that motion be denied where plaintiff's net income exceeded his monthly expenses by more than $700.00); *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (denying motion where plaintiff and spouse had monthly net income of $2,000.00 and monthly expenses of $1715.00); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00"); *Buggs v. Riverside Hosp.*, No. 97-1088-WEB, 1997 WL 321289, at *2 (D. Kan. Apr. 9, 1997) (denying motion where plaintiff had net monthly income of approximately $1500.00 and monthly expenses of $1,115.00).

Based on this information, Plaintiff has not established that her access to the courts would otherwise be seriously impaired if she is not granted *in forma pauperis* status, and the Court finds that Plaintiff has sufficient financial resources to pay the $400 filing fee.[8]

The Tenth Circuit has held that magistrate judges do not have authority to enter an order denying a motion to proceed without prepayment of fees because such ruling is the functional equivalent of involuntary dismissal.[9] The undersigned Magistrate Judge therefore submits to the District Judge the following Report and Recommendation regarding Plaintiff's motion.

### RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) be **DENIED.**

**IT IS THEREFORE ORDERED** that a copy of this Report and Recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. R. 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to this case, her written objections to the findings of fact, conclusions or law, or recommendation of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

---

[8] *See* 28 U.S.C. § 1914. Any party instituting a civil action must pay a filing fee of $350, plus a $50 administrative fee.

[9] *Lister,* 408 F.3d at 1311-12.

**IT IS SO ORDERED.**

Dated this 5th day of June, 2015 at Kansas City, Kansas.

s/  Teresa J. James
Teresa J. James
United States Magistrate Judge
